UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LEROY WADE,

                            Plaintiff,

      v.                                             Case # 18-CV-6774-FPG
                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

## INTRODUCTION

Plaintiff Leroy Wade brings this action pursuant to Titles II and XVI of the Social Security Act seeking review of the denial of his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

Plaintiff protectively applied for DIB and SSI on February 6, 2015, alleging disability based on anxiety, diabetes, back pain, high cholesterol, and high blood pressure. Tr.[1] 12, 192-98, 221. After the Social Security Administration ("SSA") denied his application, Plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). Tr. 29-109. On September 27, 2017, the ALJ issued an unfavorable decision. Tr. 9-28. After the Appeals Council denied Plaintiff's request for review, the SSA's decision became final and Plaintiff appealed it to this Court. Tr. 1-5; ECF No. 1. This Court has jurisdiction to review the SSA's final decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 17. For the following reasons, Plaintiff's motion is GRANTED,

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 8.

1

the Commissioner's motion is DENIED, and this matter is REMANDED for further administrative proceedings.

## LEGAL STANDARD

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him to perform the requirements of his past relevant work; and (5) whether the claimant's RFC permits him to perform alternative substantial gainful work which exists in the national economy in light of his age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *see also* 20 C.F.R. §§ 404.1520, 416.920.

When a district court reviews a final decision of the SSA, it does not "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's benefits application using the process described above. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date. Tr. 14. At step two, the ALJ found that Plaintiff has several severe impairments, including scoliosis; degenerative changes in the lumbar spine, cervical spine, and both hips; and diabetes mellitus Tr. 15. At step three, the ALJ found that none of Plaintiff's impairments meet or medically equal the criteria of any Listings impairment and determined that Plaintiff retains the RFC to perform light work with additional restrictions. Tr. 17-21. Specifically, the ALJ found that Plaintiff requires a sit/stand option that allows him to change position every 60 minutes for up to five minutes without leaving the workstation; that he cannot balance on narrow, slippery, or moving surfaces; that he cannot climb a rope, ladder, or scaffold; that he needs to avoid hazards, such as open waters, unprotected heights, or open machinery; and that he can occasionally stoop, crouch, climb stairs, kneel, and crawl. Tr. 17. At step four, the ALJ found that Plaintiff is not able to perform any past relevant work, and at step five, he found that he can adjust to other work that exists in significant numbers in the national economy. Tr. 21-22. Accordingly, the ALJ found that Plaintiff is not disabled. Tr. 23.

### II. Analysis

Plaintiff argues that the ALJ erred by rejecting the only opinion evidence in the record and then crafting a highly specific RFC based on her own lay opinion. The Court agrees.

The record only contained two opinions: one as to Plaintiff's mental limitations and one as to his physical limitations. In 2014,Yu-Ying Lin, Ph.D., opined that Plaintiff was moderately limited in his ability to perform complex tasks independently and maintain attention and

3

concentration for rote tasks. Tr. 479. Dr. Lin also opined that Plaintiff was unable to participate in any activities except for treatment or rehabilitation for three to six months. Tr. 480. In 2015, Sarah Ahmed, M.D., opined that Plaintiff could only walk, stand, sit, push, pull, bend, lift, and carry for one to two hours per day, and was unable to participate in any activities except for treatment or rehabilitation for two months. Tr. 489, 491.

The ALJ found that both of these opinions were unsupported by the record evidence, which included findings of tenderness in the back, but normal gait, intact strength, full range of motion, and overall "good health." Tr. 404, 408, 450, 473-74, 544, 589-90, 608, 623, 653. Nevertheless, the ALJ went on to craft an RFC with a detailed sit/stand restriction and other specific postural limitations.

The ALJ's rejection of the only opinion evidence in the record—however justified—left her RFC unsupported by substantial evidence. *See Wilson v. Colvin*, No. 13-CV-6286P, 2015 WL 1003933, at *21 (W.D.N.Y. Mar. 6, 2015) (holding that "an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence"); *Biro v. Comm'r of Soc. Sec.*, 335 F. Supp. 3d 464, 471-72 (W.D.N.Y. 2018) (holding that an ALJ usually must "rely upon a medical source's opinion in considering the limitations, if any, associated with [a claimant's] impairment," unless the claimant has only minor impairments such that the ALJ could make a common sense judgment regarding the claimant's limitations).

The Commissioner does not argue, and the Court does not find, that this is "a case in which Plaintiff's impairments are relatively simple and mild, such that the ALJ was permitted to render a common sense judgment about functional capacity even without a physician's assessment." *Ippolito v. Comm'r of Soc. Sec.*, No. 1:18-CV-00403 EAW, 2019 WL 3927453, at *4 (W.D.N.Y. Aug. 19, 2019) (citations and quotation marks omitted). The ALJ found severe impairments of scoliosis, degenerative changes in Plaintiff's spine and hips, and diabetes, Tr. 15, and the Court cannot determine how the ALJ translated these impairments into her highly specific RFC, other

4

than by interpreting raw medical data or using her own surmise. *See Elder v. Comm'r of Soc. Sec.*, No. 18-CV-1196, 2019 WL 6320355, at *5 (W.D.N.Y. Nov. 26, 2019) ("Specific RFC assessments must be based on evidence in the record, not on an 'ALJ's own surmise.'") (quoting *Cosnyka v. Colvin*, 576 F. App'x 43, 46 (2d Cir. 2014) (summary order)); *Hillyard v. Comm'r of Soc. Sec.*, No. 1:18-CV-00370 EAW, 2020 WL 429136, at *4 (W.D.N.Y. Jan. 27, 2020) ("[T]the ALJ may not interpret raw medical data in functional terms.") (quotation omitted). It was therefore "necessary for the ALJ to rely upon a medical source's opinion in considering the [Plaintiff's] limitations . . . ." *Biro*, 335 F. Supp. 3d at 472;

Although the record here does not appear to the Court to support greater limitations than the ones the ALJ ultimately imposed, the Commissioner does not argue that the ALJ's errors were harmless, and in any case, "given the lack of any competent medical opinion, the Court, like the ALJ, is not in a position to assess the extent of functional limitation posed by [Plaintiff's] impairments." *Agostino v. Comm'r of Soc. Sec.*, No. 18-CV-1391-FPG, 2020 WL 95421, at *4 (W.D.N.Y. Jan. 8, 2020). In light of the ALJ's rejection of the opinion evidence, she was obligated to develop the record, either by seeking out a treating source opinion or by ordering a consultative examination. *Williams v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 411, 418 (W.D.N.Y. 2019) ("Here, the lack of opinion evidence creates an obvious gap in the record, and it is considered reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for [her] to make an informed decision. The ALJ was required to exercise [her] independent duty to develop the record and, at a minimum, secure a consulting physician to examine Plaintiff and render an opinion as to her functional limitations." (quotation, citation, and alteration omitted)).

Accordingly, the Court finds that remand is required.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 12) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 17) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g); § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: February 11, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court